**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

OLGA LOPEZ,

    Plaintiff(s),

v.

NORTH MIAMI BEACH SURGICAL
CENTER, LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, OLGA LOPEZ ("Plaintiff" or "LOPEZ"), pursuant to *29 U.S.C. § 216(b)*, and *29 U.S.C. § 2601, et. seq.,* files the following Complaint against Defendant, NORTH MIAMI BEACH SURGICAL CENTER LLC (referred to hereinafter as "Defendant"), on behalf of herself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of federal overtime compensation under the Fair Labor Standards Act ("FLSA") during the course of her employment and further deprived Plaintiff of her rights pursuant to the federal Family Medical Leave Act ("FMLA"). This is an action to recover all wages, equitable relief, front pay, and declaratory relief owed to Plaintiff arising from the course of her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of eighteen (18) years, and otherwise *sui juris.*

3. During all times material hereto, the corporate Defendant was a Delaware limited liability company authorized to do business in the State of Florida, with its principal place of business at One Park Plaza Nashville, Tennessee 37203.

4. Defendant regularly conducts and operates its business within this jurisdiction at 120 NE 167th Street, North Miami Beach, Florida 33162.

5. During all times material hereto, Defendant was vested with ultimate control and decision-making authority over the hiring, firing and disciplinary actions as it related to Plaintiff, and others similarly situated.

6. Defendant was an employer covered by the FMLA, because it was engaged in commerce in an industry affecting commerce who employed 50 or more employees of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

7. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

8. During all times material hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) stood *in loco parentis* to an individual suffering a qualifying condition under the FMLA; and (b) was employed by Defendant for least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.[1]

---

[1] Defendant is alternatively subject to FMLA coverage under a theory of equitable estoppel because Defendant provided Plaintiff assurances that she is eligible to take FMLA leave. *See, e.g.*, Reaux v. Infohealth Management Corp., 2009 WL 635468 (N.D. Ill. 2009) *citing* Dormeyer v. Comerica Bank, 223 F.3d 579, 582 (7th Cir. 2000); Minard v. ITC Deltacom Commc'ns, Inc., 447 F.3d 352, 358 (5th Cir. 2006); Duty v. Norton-Alcoa Proppoants, 293 F.3d 481, 493-94 (8th Cir. 2002); Kosakow v. New Rochelle Radiology Assocs., 274 F.3d 706, 723-25 (2nd Cir. 2011).

## JURISDICTION AND VENUE

9. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

10. Defendant regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant is an ambulatory out-patient surgical center that has been operating in the State of Florida since at least 2002.

13. Defendant employs individuals like Plaintiff, to provide nursing and healthcare services to patients, including but not limited to the following: helping patients with bathing and dressing, turning/repositioning bedridden patients, taking patients' temperatures, blood pressure and vital signs, documenting patients' health issues and reporting the same to nurses, feeding patients, cleaning patients' rooms and bed linens, and dressing wounds.

## FLSA COVERAGE

14. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and

3

goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

15. During her employment with Defendant, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: medical/clinical supplies, gloves, bandages, sterilizing equipment, stethoscopes, blood pressure cuffs, thermometers, gauze, medical bags, pens, scissors, clipboards, paper materials, folders, cellular telephones, computers, etc.

16. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant a business enterprise covered by the FLSA.

17. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and is expected to gross in excess of $500,000.00 in 2019.

18. Plaintiff, and similarly situated individuals, were employed by Defendant as an hourly non-exempt healthcare employee during the three (3) years preceding the filing of this lawsuit.

19. Plaintiff began working for Defendant in or around July 2017.

20. Immediately prior to the start of her employment, Plaintiff received an offer letter from Defendant advising her of the following:

> **"This is a Full-time, Non-Exempt position.  Your base pay will be $42.21 per hour plus any applicable differentials."**

21. Plaintiff worked for Defendant as a healthcare employee, providing healthcare services to patients, including but not limited to the following: helping patients with bathing and

dressing, turning/repositioning bedridden patients, taking patients' temperatures, blood pressure and vital signs, documenting patients' health issues and reporting the same to nurses, feeding patients, cleaning patients' rooms and bed linens, and dressing wounds.

22. From on or about July 2017 through September 2019, Defendant controlled Plaintiff's work duties and work hours, controlled Plaintiff's healthcare schedules and assigned patients, inspected Plaintiff's work, provided Plaintiff with healthcare equipment and medical tools for use during her work, and otherwise directed Plaintiff's work through supervisor correspondence with Plaintiff, and paid Plaintiff on an hourly basis, thereby effectively treating Plaintiff as a non-exempt employee under the FLSA.

23. Defendant always maintained control and direction over Plaintiff's duties and job performance.

24. The day-to-day economic realities of the work performed by Plaintiff render her an employee of the Defendant.

25. Defendant's payroll records indicate that Plaintiff was paid an hourly rate during her employment.

26. Plaintiff, and similarly situated individuals, are not otherwise exempt from FLSA coverage.

27. During all times pertinent to Plaintiff's employment, Plaintiff relied upon and was dependent upon Defendant for her employment during all time periods alleged herein.

28. During all time periods during her employment, Plaintiff performed work in excess of forty (40) hours per week for which she was not compensated the proper overtime rate required by the FLSA.

29. Plaintiff's employment consisted of working for Defendants, sixty (60) to sixty-five (65) hours per week, wherein Plaintiff was compensated at a regular hourly rate of forty dollars ($42.21) per hour for the first forty (40) hours of work per week.

30. Accordingly, Plaintiff consistently worked at least twenty (20) to twenty-five (25) hours of overtime per week for Defendants but was not properly paid for those overtime hours, as required by the FLSA.

31. Accordingly, Plaintiff is entitled to recover time-and-a-half per hour for overtime hours worked for approximately 112 weeks of work, under the appropriate three (3) year statute of limitations for willful violations of the FLSA.[2]

32. On information and belief, Defendant failed to properly record and maintain the actual number of hours worked by Plaintiff each work week.

33. Ms. Lopez is believed to have worked approximately 2,800 overtime hours for which she was not properly compensated during her employment period.

34. Based upon the Defendants' failure to properly compensate Plaintiff at the statutorily proscribed overtime rate, Plaintiff is entitled to recover for overtime violations committed by Defendant during Plaintiff's employment.

35. However, because Defendants' FLSA violations were intentional and/or willful, Plaintiff is therefore entitled to recover an additional amount of liquidated (double) damages.

36. In May 2019, Plaintiff notified Defendant through one of her supervisors, Judy Ambury, that Plaintiff was her sister's power of attorney and undertook medical and legal obligations for her sister, and otherwise stood *in loco parentis* to her sister for purposes of the FMLA.

---

[2] Based on the Plaintiff's regularly hourly rate of $42.21 per hour, the overtime rate Plaintiff was entitled to receive was no less than $63.31 per hour.

6

37. Plaintiff further notified Defendant that her sister was ill with terminal cancer, which constitutes a qualifying condition that gives right to FMLA leave. Plaintiff specifically advised Defendant that her sister was being moved to hospice care and that she would need to assist in providing care in light of her sister's debilitating physical condition.

38. After Plaintiff notified Defendant of this qualifying condition under the FMLA, the Defendant failed to provide Plaintiff was notice of her rights under the FMLA.

39. Instead of providing Plaintiff proper notice of her FMLA rights, the Defendant required Plaintiff to use "personal leave" in order to provide care to her terminally ill sister.

40. After Defendant refused to provide Plaintiff notice of her FMLA rights, Plaintiff learned that even more attention and medical care was needed in light of her sister's increasing physical limitations.

41. Plaintiff notified the company that because her "personal leave" days were running out, she wanted to take a part-time position in the company with less hours so that she could dedicate more time to her sister's care.

42. Just a few weeks after making this request, Plaintiff was terminated.

43. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firms and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA and FMLA.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***

44. Plaintiff re-avers and re-alleges Paragraphs 1 through 43 above, as though fully set forth herein.

45. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, *29 U.S.C. § 216(b).*

46. Plaintiff is entitled to: (i) time-and-one-half overtime wages; and (ii) liquidated damages pursuant to the FLSA.

47. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to *29 U.S.C. 216(b).*

WHEREFORE, Plaintiff, OLGA LOPEZ, demands judgment against Defendant, NORTH MIAMI BEACH SURGICAL CENTER LLC, and respectfully requests that she be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### **COUNT II – UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA**

48. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 43 above as though fully set forth herein.

49. At all times relevant hereto, Plaintiff was protected by the FMLA.

50. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff based upon Plaintiff's exercise of her FMLA rights by firing her for attempting to invoke leave under the FMLA.

51. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

52. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her rights to take leave pursuant to the FMLA.

53. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

54. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, OLGA LOPEZ, demands judgment against Defendant and damages for back pay, and an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorney's fees and costs, and any other further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, OLGA LOPEZ, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th of October, 2019.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS -
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com
jill@jordanrichardspllc.com
stephanie@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was filed and served on all parties listed below via CM/ECF on October 25, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST